ALLENDORF ET AL. *v.* CITY OF INDIANAPOLIS ET AL.

[No. 14,055.  Filed May 27, 1931.  Rehearing denied October 1, 1931.  Transfer denied January 2, 1933.]

*William Bosson,* for appellants.

*Edward H. Knight* and *Merle N. A. Walker,* for appellee.

LOCKYEAR, J.—On August 31, 1927, the Board of Public Works of the City of Indianapolis adopted a resolution for the construction of a local sewer, under its improvement resolution No. 13,498.

About one-half of the owners of real estate affected by the assessment for said improvement filed a petition with the Board of Public Works setting out the reasons why the action of said board was contrary to law.  Their petition was denied.  They then brought suit in the Marion Circuit Court alleging that the action of said board was in all things illegal and contrary to law.

Their contention was sustained by the court and the case was then compromised between the property holders bringing the action and the city of Indianapolis. Said property holders obtained a reduction in their

assessment through said compromise and settlement.

The appellants in this action who did not remonstrate or appeal from the decision of the Board of Public Works in the proceeding to establish said sewer, in each instance either signed a waiver or paid cash for the full amount of the original assessment, after which they filed this action asking that their several assessments be reduced proportionately, setting out the action of the Board of Public Works as to other property similarly situated in said territory and alleging that their assessments were unjust, unequal and contrary to the terms of the Acts of 1905, and against Section 1, Article 10, of the. Indiana Constitution.

The appellee filed an answer of waiver and estoppel to the complaint of the appellants and it was stipulated and admitted in the trial of said cause that the appellants did not remonstrate or appeal from the order of the Board of Public Works in the levying of assessments against their real estate and that in each instance they had signed what is termed "Barrett Law Waiver" or paid cash for the full amount of the original assessment.

Section 10450 Burns 1926 provides: "Whoever desires to exercise such privilege of paying by installments shall, at any time before the expiration of thirty days after the allowance of the final estimate aforesaid, enter into an agreement in writing that, in consideration of such privilege, he will make no objection to any illegality or irregularity with regard to the assessment against his property, and will pay the same, as required by law, with specified interest."

Such a waiver having been signed and the same having not been set aside for any cause and payment having been made by others is binding upon the property holders and this court is unable to give the relief prayed for.

Judgment affirmed.